UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DONNA GAYLETS,

    Plaintiff,

    v.

SCRANTON HOSPITAL
COMPANY, LLC d/b/a REGIONAL
HOSPITAL OF SCRANTON,

    Defendant.

CIVIL ACTION NO. 3:24-CV-1980

(SAPORITO, J.)

## <u>MEMORANDUM</u>

On November 15, 2024, the plaintiff, Donna Gaylets, brought this action against the defendant, Scranton Hospital Company d/b/a Regional Hospital of Scranton ("Scranton Hospital"), for unlawful age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). (Doc. 1). The plaintiff alleges that she was subjected to age discrimination when Scranton Hospital terminated her employment at 64 years of age. Now before the court is Scranton Hospital's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Doc. 17). The parties have briefed the motion (Doc. 19; Doc. 21; Doc. 24) and it is now ripe for review.

## I.    Background

As required by Local Rule 56.1, Scranton Hospital has accompanied its motion for summary judgment with a "separate, short and concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." (Doc. 18); M.D. Pa. L.R. 56.1. In response, as required under Local Rule 56.1, the plaintiff has answered Scranton Hospital's "Statement of Undisputed Material Facts" "contending that there exists a genuine issue to be tried." (Doc. 20); M.D. Pa. L.R. 56.1. The plaintiff, however, has denied almost all of Scranton Hospital's eighty-nine undisputed facts, relying solely on her own testimony as support for those denials. *See* (Doc. 20). Both parties agree that the plaintiff worked as a registered nurse in Scranton Hospital's Emergency Department from September 2022 until her termination in September 2023. (Doc. 18, ¶ 1); (Doc. 20, ¶ 1). But as we noted above, the parties disagree about all other facts pertinent to this case.

Scranton Hospital contends that the plaintiff had faced numerous different written warnings for her behavior leading to her termination. It details the following examples. On October 19, 2022, the plaintiff was

issued written counseling after violating Scranton Hospital's policies. (Doc. 18, ¶ 3). On November 24, 2022, a co-worker reported the plaintiff for the plaintiff's rude and disrespectful behavior. (*Id.*, ¶¶ 6, 7). On January 21, 2023, another co-worker reported the plaintiff for similar behavior and her failure to perform her job duties. (*Id.*, ¶ 8). On March 5, 2023, the plaintiff was again reported for failing to perform her job duties and her harsh behavior. (*Id.*, ¶ 10). On March 16, 2023, the plaintiff was additionally reported for her rude behavior. (*Id.*, ¶ 16). On March 27, 2023, a co-worker reported the plaintiff for her indifference towards a symptomatic patient suffering from rapid atrial fibrillation. (*Id.*, ¶ 18). Accordingly, on April 15, 2023, the plaintiff was issued a written warning for violating Scranton Hospital's standards of behavior, unprofessional conduct, and attitude, (*Id.*, ¶¶ 23, 24), despite Scranton Hospital's previous meeting with the plaintiff on March 10, 2023, to address the plaintiff's workplace behavior. (*Id.*, ¶ 28). The plaintiff has denied those events on the basis that the "averments … are entirely based upon … hearsay." *See generally* (Doc. 20). However, it is unclear whether she disputes that those events occurred at all or contends that they occurred differently from Scranton Hospital's characterization.

On July 21, 2023, two nurses reported the plaintiff for inappropriately discussing another patient's confidential information. (*Id.*, ¶ 40). On July 24, 2023, the plaintiff was reported for inappropriate and rude behavior. (*Id.*, ¶ 42). That same day, another nurse submitted a lengthy list of concerns to Scranton Hospital concerning the plaintiff's negative workplace performance and behavior. (*Id.*, ¶ 43). On July 26, 2023, the plaintiff was reported for annoying behavior. (*Id.*, ¶ 44). Accordingly, on August 4, 2023, the plaintiff was issued a suspension for violating Scranton Hospital's standards of behavior, unprofessional conduct, and attitude. (*Id.*, ¶¶ 45-47). As she did before, the plaintiff has denied those events on the basis that the "averments … are entirely based upon … hearsay[,]" *see generally* (Doc. 20), and it is unclear whether she disputes that those events occurred at all or contends that they occurred differently from Scranton Hospital's characterization. But the plaintiff admits that she was suspended and contends that she was suspended because her coworkers "were younger, she occasionally corrected them, and she perceived herself as a patient advocate." (*Id.*, ¶ 49).

On August 29, 2023, the plaintiff, along with numerous other staff

members, responded to a "Code Blue" in the CAT scan department at Scranton Hospital. (*Id.*, ¶ 56). A "Code Blue" refers to an emergency alert indicating that a patient is in critical condition, typically due to cardiac arrest or respiratory failure. (*Id.*, ¶ 57). Scranton Hospital argues that the plaintiff's disruptive and confrontation behavior during the "Code Blue" led to multiple reports (at least four) concerning her conduct. (*Id.*, ¶¶ 59–63). Accordingly, it contends that on September 1, 2023, it terminated the plaintiff's employment following the "Code Blue" incident in conjunction with the plaintiff's behavioral history. (*Id.*, ¶ 66). The plaintiff contends that the reports concerning her conduct during the "Code Blue" are false, (*id.*, ¶ 78), and that her termination occurred because of her age. (*Id.*, ¶ 79). The plaintiff therefore brings her current claim against Scranton Hospital for unlawful age discrimination in violation of the ADEA.

## II.   Legal Standard

Rule 56 of the Federal Rules of Civil Procedure dictates summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome

of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

Parties seeking summary judgment bear "the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotext Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52. A court must first determine if the moving party has made *prima facie* showing that it is entitled to summary judgment when evaluating such a motion. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the

nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a form which is inadmissible at trial, the content of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

## III.   Discussion

The ADEA prohibits an employer from "discharg[ing] an individual or otherwise discriminat[ing] against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail on an ADEA claim, a plaintiff must establish by a preponderance of the evidence that age was the "but-for" cause of the adverse employment action. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009)). Age discrimination claims under the ADEA are analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). As summarized by the Supreme Court of the United States:

> Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. If the employer meets this burden, the presumption of intentional discrimination disappears, but the plaintiff can still prove disparate treatment by, for instance, offering evidence demonstrating that the employer's explanation is pretextual.

*Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003) (citations omitted).

To show a prima facie case of age discrimination under the ADEA, a plaintiff must show that she: "(1) was a member of the protected class, *i.e.,* was over 40, (2) was qualified for the position, (3) suffered an adverse

employment decision, and (4) ultimately was replaced by a person sufficiently younger to infer an inference of age discrimination." *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 300 (3d Cir. 2004). To establish a prima facie case at summary judgment, "the evidence must be sufficient to convince a reasonable factfinder to find all of the elements of [the] prima facie case." *Duffy v. Paper Magic Grp.*, 265 F.3d 163, 167 (3d Cir. 2001). Here, Scranton Hospital does not contest that the plaintiff has satisfied the first three elements. (Doc. 19, at 7). It contends that the plaintiff has failed to satisfy the fourth.

The plaintiff alleges that after she was terminated, she was replaced by Mary J. Brink, a registered nurse who was thirty-six years of age at the time of the plaintiff's termination. (Doc. 21, at 1). The plaintiff's only supporting evidence for this assertion, however, is her "belief" that she was replaced by Ms. Brink; she cannot point to any other evidence to substantiate her claim. (Doc. 18-6, at 9). But a plaintiff's speculative belief does not create a genuine issue of material fact sufficient to defeat summary judgment. *See Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F. 3d 318, 322-33 (3d Cir. 2005); *Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 582 (3d Cir. 1996); *Robertson v. Allied Signal, Inc.*, 914

F.2d 360, 382 n.12 (3d Cir. 1990); Indeed, in support of her belief, the plaintiff cites a portion of the record indicating that on September 1, 2023, the date of the plaintiff's termination, Ms. Blink had already been hired as registered nurse at Scranton Hospital. (Doc. 18-5, at 5–6). Accordingly, it cannot be said Scranton Hospital hired Ms. Blink to replace the plaintiff because Ms. Blink was already working at the Hospital at the time of the plaintiff's termination.

We need not analyze Scranton Hospital's remaining arguments for its motion for summary judgment. To prevail on her age discrimination claim under the ADEA, the plaintiff must establish a prima facie case under the first step of *McDonnell Douglas*. Here, she has failed to do so under its fourth element and thus, she cannot defeat summary judgment.

## IV.  Conclusion

For the foregoing reasons, Scranton Hospital's motion for summary judgment will be granted.

An appropriate order follows.

Dated: June 12, 2026            *s/Joseph F. Saporito, Jr.*
                                JOSEPH F. SAPORITO, JR.
                                United States District Judge

- 10 -